IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD L. PROCTOR, JR.,

      Plaintiff,               No. CIV S-08-3158 GGH P

   vs.

T. FELKER, et al.,

      Defendants.       <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

22  standard, the court must accept as true the allegations of the complaint in question, Hospital

23  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

25  McKeithen, 395 U.S. 411, 421 (1969).

26  /////

2

1       Named as defendants are T. Felker, T. Perez, R.K. Wong and M. Runnels.

2   Plaintiff alleges that on October 31, 2007, he was placed in administrative segregation (ad seg)

3   after prison officials accused him of being an East Coast Crip and being involved in East Coast

4   Crip gang activity.  At the time, plaintiff told prison officials that he was a Harlem Crip.  Plaintiff

5   alleges that after he was placed in ad seg, he was found hanging in his cell.  It was later

6   determined that plaintiff suffered a mental breakdown.

7       As relief, plaintiff seeks expungement of the related rules violation report from his

8   central file, a release to the general population and money damages.

9       Plaintiff does not allege how any of the named defendants were involved in the

10  alleged deprivations.   The Civil Rights Act under which this action was filed provides as

11  follows:

12      Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
13      deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
14      law, suit in equity, or other proper proceeding for redress.

15  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

16  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

17  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

18  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

19  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

20  omits to perform an act which he is legally required to do that causes the deprivation of which

21  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22      Moreover, supervisory personnel are generally not liable under § 1983 for the

23  actions of their employees under a theory of respondeat superior and, therefore, when a named

24  defendant holds a supervisorial position, the causal link between him and the claimed

25  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

26  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

3

941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants to the alleged deprivation, the complaint is dismissed with leave to amend.  If plaintiff files an amended complaint, he must describe what each defendant did to allegedly violate his constitutional rights.

If plaintiff files an amended complaint, he should also clarify why his placement in ad seg caused him to attempt suicide.  Without this information, the court may not be able to find that plaintiff has stated a colorable claim for relief.

While plaintiff seeks expungement of the rules violation report, he includes no specific allegations regarding this matter.  The exhibits attached to the complaint indicate that the rules violation was dismissed on appeal.  In the amended complaint, plaintiff should clarify his claims regarding the rules violation report.  He should not rely on exhibits to state his factual allegations for him.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>
<u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
original complaint, each claim and the involvement of each defendant must be sufficiently
alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
The fee shall be collected and paid in accordance with this court's order to the Director of the
California Department of Corrections and Rehabilitation filed concurrently herewith.

   3.  The complaint is dismissed for the reasons discussed above, with leave to file
an amended complaint within thirty days from the date of service of this order.  Failure to file an
amended complaint will result in a recommendation that the action be dismissed.

DATED: January 20, 2009

       /s/ Gregory G. Hollows

       _____

       UNITED STATES MAGISTRATE JUDGE

proc3158.b