IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD L. PROCTOR, JR.,

        Plaintiff,                        No. CIV S-08-3158 JAM GGH P

    vs.

T. FELKER, et al.,

        Defendants.               ORDER

                                  /

I. Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 15, 2009, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not file an opposition. Accordingly, on September 15, 2009, the court recommended that defendants' motion be granted.

        On September 25, 2009, plaintiff filed an opposition to defendants' motion. While the opposition does not address why plaintiff failed to file a timely opposition, this one time the court will deem the September 25, 2009, opposition to be timely filed. See October 13, 2009 "Motion to Vacate Judgment." The September 15, 2009, findings and recommendations are vacated.

\\\\\

1   After reviewing the pleadings, the court finds that a reply by defendants to the
2 opposition is not necessary.  For the following reasons, defendants' motion is granted with leave
3 to amend.
4 II.  Legal Standards for Motion to Dismiss
5   In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),
6 a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"
7 it must contain factual allegations sufficient to "raise a right to relief above the speculative
8 level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The
9 pleading must contain something more...than...a statement of facts that merely creates a suspicion
10 [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice
11 and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual
12 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,
13 ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

16   In considering a motion to dismiss, the court must accept as true the allegations of
17 the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.
18 Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the
19 motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,
20 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume
21 that general allegations embrace those specific facts that are necessary to support the claim.'"
22 National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803
23 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).
24 Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
25 Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).
26 \\\\\

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

III. Discussion

This action is proceeding on the amended complaint filed February 23, 2009, as to defendants Felker, Foulk and Hernandez. Plaintiff alleges that on October 31, 2007, defendants Foulk and Hernandez placed him in administrative segregation (ad seg) after he was charged with conspiracy to assault staff. Plaintiff claims that defendants Foulk and Hernandez knew that the charges were false. Plaintiff alleges that being housed in ad seg caused him to suffer severe depression, as a result of which he attempted to hang himself a few days later. Defendant Felker later found him guilty of the charges and sentenced him to 28 months in ad seg even though he knew that plaintiff was not guilty. One year and 14 days later, plaintiff was fully exonerated of the charges.

Plaintiff alleges that defendants denied him of his liberty interest and intentionally inflicted emotional distress. As relief, plaintiff seeks expungement of the disciplinary charges he was exonerated of and money damages.

Defendants first argue that plaintiff has not stated a colorable due process claim. Confinement in administrative segregation for several months, *absent* more, does not constitute an "atypical and significant hardship" in relation to the ordinary incidents of prison confinement.

See, e.g., Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (30 days disciplinary segregation is not atypical and significant); West v. Beauclair, 2009 WL 2222685 (9th Cir. 2009) (6 days and loss of prison job); Torres v. Fauver, 292 F.3d 141, 151 (3d Cir.2002) (4 months in administrative segregation is not atypical and significant); Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir.1997) (15 months administrative segregation is not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir.1997) (6 months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not atypical ... in relation to the ordinary incidents of prison life."); Jones v. Baker, 155 F.3d 810 (6th Cir.1998) (2.5 years of administrative segregation is not atypical and significant).

In the Ninth Circuit, a determination that segregation implicates procedural due process concerns involves a consideration in the totality of the difference between conditions in segregation as opposed to conditions in the general population, the duration of those conditions, and whether placement in segregation will invariably affect the length of one's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Based on the cases cited above, plaintiff's claim that he was improperly housed in ad seg for approximately 13 months does not state a colorable due process claim. Plaintiff does not allege that the conditions of ad seg constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. Accordingly, this claim is dismissed with leave to amend.

Defendants next argue that plaintiff has not stated a colorable due process claim because he has alleged no physical injury. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for

compensatory, nominal, or punitive damages. Id. at 630.

The injury plaintiff alleges he suffered as a result of his improper placement in ad seg is the attempted suicide by hanging. By definition, attempting suicide involves hurting oneself. The undersigned presumes the existence of some physical injury from plaintiff's allegation that he attempted to commit suicide. Given this allegation of physical injury, the court finds that the motion to dismiss pursuant to 42 U.S.C. § 1997e(e) is without merit. But see Steyer v. Rogers, No. 07-3350, 2008 WL 508596, *4 (D.N.J. Feb. 21, 2008) ("[Plaintiff] does not allege any physical injury suffered at the hands of Defendants. His only injuries were self-inflicted and resulted from his suicide attempt. Therefore, even if [plaintiff's] Complaint had stated a cause of action under § 1983, it would be barred by § 1997e(e) because [plaintiff] has failed to allege a prior physical injury.").

Although not raised by defendants, the undersigned finds that plaintiff has not plead sufficient facts demonstrating that defendants were the cause of his injuries. To establish a civil rights violation, the plaintiff must show that the defendants' alleged unconstitutional conduct was the actual and proximate cause of his injuries. White v. Roper, 901 F.2d 1501, 1505 (9th Cir.1990); Arnold v. Int'l Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir.1981). The defendants' conduct is the actual cause of the injury only if the injury would not have occurred "but for" that conduct. White, 901 F.2d at 1505. If it is established that the conduct was one of the causes of the plaintiff's injury, the next question is whether the conduct is the proximate cause of the injury. Id. at 1506.

To establish proximate cause, the plaintiff establish that it was forseeable to defendants that injury to plaintiff would result from their actions. See Kennedy v. City of Ridgefield, 439 F.3d 1055,1064 n. 5 (9th Cir. 2006).

In the instant case, while plaintiff has established actual cause he has not established proximate cause. The undersigned does not find that plaintiff's attempted suicide was forseeable following his placement in ad seg. Plaintiff has pled no facts suggesting that it

should have been forseeable to defendants that he would attempt suicide following his placement in ad seg. If plaintiff files a second amended complaint, he must address the issue of proximate cause.

Defendants next move for dismissal on grounds that they are entitled to qualified immunity. In resolving a claim for qualified immunity the court addresses two questions: (1) whether the facts, when taken in the light most favorable to plaintiff, demonstrate that the officer's actions violated a constitutional right and (2) whether a reasonable officer could have believed that his conduct was lawful, in light of clearly established law and the information the officer possessed. Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987). Although the Supreme Court at one time mandated that lower courts consider these two questions in the order just presented, more recently the Supreme Court announced that it is within the lower courts' discretion to address these questions in the order that makes the most sense given the circumstances of the case. Pearson v. Callahan, --- U.S. ----, 129 S.Ct. 808, --- L.Ed.2d ----, 2009 WL 128768 (January 21, 2009).

Technically, defendants are entitled to qualified immunity because plaintiff has not stated a colorable due process claim against them. However, because the motion to dismiss is granted with leave to amend, it is premature to rule on the issue of qualified immunity.

On October 13, 2009, plaintiff filed a motion to vacate the judgment. Because no judgment has been entered, this motion is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 15, 2009, findings and recommendations are vacated;

2. Defendants' motion to dismiss (no. 21) is granted; plaintiff is granted twenty-eight days from the date of this order to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action;

3. Defendants are not required to respond to the amended complaint until ordered by the court;

6

4. Plaintiff's October 13, 2009, motion to vacate the judgment (no. 25) is denied.

DATED: 12/08/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

pro3158.ame